**Joseph WOODSON, Plaintiff–Appellant,**

v.

**LORAM MAINTENANCE OF
WAY INCORPORATED,
Defendant–Appellee.**

**No. 11–5438.**

United States Court of Appeals,
Second Circuit.

April 29, 2013.

Joseph Woodson, Elmira, NY, Appellant pro se.

Christopher Karagheuzoff; Dorsey & Whitney LLP, New York, NY, for Appellee.

___

\* Judge Jane A. Restani, of the United States Court of International Trade, sitting by desig-

PRESENT: PETER W. HALL, CHRISTOPHER F. DRONEY, Circuit Judges and JANE A. RESTANI,* Judge, U.S. Court of International Trade.

### SUMMARY ORDER

Plaintiff–Appellant Joseph Woodson, proceeding *pro se,* appeals from the district court's judgment granting a motion to compel arbitration and dismissing his complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;* and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

For the first time on appeal, Woodson raises various challenges to the validity of his employment agreement and to arbitration clause within that agreement. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Bogle–Assegai v. Connecticut,* 470 F.3d 498, 504 (2d Cir.2006) (alteration in original) (quoting *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994)). "Although we may exercise discretion to consider waived arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below and they proffer no reason for their failure to raise the arguments below." *In re Nortel Networks Corp. Sec. Litig.,* 539 F.3d 129, 133 (2d Cir.2008) (per curiam) (internal quotation marks, brackets, and ellipsis omitted). Woodson's arguments were available to him in the district court, and he has not provided justifiable reasons for failing to

nation.

raise them there. We thus deem Woodson's arguments waived and decline to consider them. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**